**Richard L. DUGGER, Plaintiff,**

v.

**MISSOURI PACIFIC RAILROAD COM-PANY, Defendant.**

**Civ. A. No. 67–H–462.**

United States District Court
S. D. Texas,
Houston Division.

Nov. 20, 1967.

---

James R. Gough, Asst. U. S. Atty., Houston, Tex., for plaintiff.

James P. Simpson, Dallas, Tex., and Thomas S. Terrell, Houston, Tex., for defendant.

## MEMORANDUM AND ORDER

NOEL, District Judge.

The plaintiff instituted this suit against his employer, Missouri Pacific Railroad, to recover damages for vacation benefits he asserts that he is entitled to under the Universal Military Training and Service Act, 50 U.S.C.App. § 459. The cause is before the court on defendant's motion for summary judgment. The facts are not in dispute.

Dugger began working for the Missouri Pacific Railroad Co. in 1962 as a machinist apprentice at defendant's Settegast Diesel Shop in Houston, Texas. At that time there was in effect a labor agreement between defendant and its employees which, in part, provided as follows:

> Effective with the calendar year 1961, an annual vacation of ten (10) consecutive days with pay will be granted to each employee covered by this Agreement who renders compensated service on not less than one hundred ten (110) days during the preceding calendar year and who has three (3) or more years of continuous service. * * *

Plaintiff rendered a sufficient amount of compensated service in 1962 to entitle him to a paid vacation in 1963. Although Dugger entered the military service in August, 1963, he performed enough compensated service in that year to earn a paid vacation in 1964, for which he was paid. Plaintiff did not perform any compensated service for the defendant in 1964.

Dugger was discharged from the military service on July 31, 1965 and returned to his former position with the defendant on September 1, 1965. Due to the fact that plaintiff did not return to work until September of 1965, he was able to work only eighty-five (85) compensated days by the end of the calendar year. Treating Dugger as one who had been on furlough or leave of absence, defendant reasoned that he had failed to work the required period of time in 1964 and 1965 to entitle him to a paid vacation in 1965 and 1966.

There is no dispute between the parties that had Dugger been absent from work in 1964 and 1965 for reasons other[1] than military service, he would not have been entitled to a paid vacation in 1965 and 1966. Plaintiff, however, asserts that irrespective of the terms of the labor agreement, he was entitled to a paid vacation in each of these years under the provisions of the Universal Military Training and Service Act, 50 U.S.C.App. § 459.[2]

There is no genuine issue as to any material fact. The issue before the court is whether defendant is entitled to a judgment as a matter of law. Fed.R. Civ.P., Rule 56.

The Universal Military Training and Service Act provides that if a person leaves a position with a private employer because he is inducted into the armed forces for training and service, and upon discharge from the armed forces is qualified to perform the duties for the private employer, he shall "be restored by such employer * * * to such position or to a position of like seniority, status, and

---

1. This statement serves for illustration and does not mean that there were no excusable absences under the agreement.

2. Plaintiff has admitted that in all other respects he has received the treatment, pay, and benefits appropriate to his class and craft.

pay * * *." Section 459(b) (B) (i). Section 459(c) (1) further provides that if the person is restored to such a position, he:

> shall be considered as having been on furlough or leave of absence during his period of training and service in the armed forces, shall be restored without loss of seniority, *shall be entitled to participate in insurance or other benefits offered by the employer pursuant to established rules and practice relating to employees on furlough or leave of absence* in effect with the employer at the time such person was inducted into such forces * * *.[3] (Emphasis added.)

The only provision in the labor agreement which related to vacation credit of an employee who had been in the armed forces provided that an employee who either worked seven months or performed service sufficient to qualify him for a vacation in the year prior to becoming a member of the armed forces was entitled to a credit of the time spent with the armed forces in determining the *length* of vacations for which he would qualify upon his return.[4]

Plaintiff argues that the Act requires that a veteran be treated as though he had worked for the employer continuously during the period of his service in the armed forces.[5] If, he says, the labor agreement were applied to veterans independent of this Act, the result would be to discriminate against veterans. This, the plaintiff contends, is exactly what the Act was designed to avoid. In effect, Dugger takes the position that the Act requires the employer to treat a returning veteran as though he had remained with the railroad and had performed a sufficient amount of service to earn a paid vacation for the year of his return and the following year.

Vacation rights of the sort being claimed by plaintiff have been classified as "other benefits" in which the veteran is entitled to participate under Section 459(c) (1). Magma Copper Co., San Manuel Division v. Eagar, 380 F.2d 318 321 (9th Cir. 1966); Siaskiewicz v. General Electric Co., 166 F.2d 463, 466 (2d Cir. 1948);[6] Annot. Re-employment of Vet-

3. Section 459(c) (2) continues to say: [A]ny person who is restored to a position * * * should be so restored in such a manner as to give him such *status* in his employment as he would have enjoyed if he had continued in such employment continuously from the time of his entering the armed forces until the time of his restoration to such employment. (Emphasis added.)

This paragraph is inapplicable to the case at hand, for the dispute does not concern Dugger's *status*. See Bozar v. Central Penn. Quarry, Stripping & Constr. Co., 73 F.Supp. 803, 810, 813 (M.D.Pa.1947).

4. The vacation provisions were scaled to the number of years the employee had worked for the railroad. It will be seen later that this clause has no application to the issue in controversy.

5. This argument was expressly rejected in Siaskiewicz v. General Electric Co., 166 F.2d 463, 465 n. 4 (2d Cir. 1948).

6. Plaintiff vigorously asserts Accardi v. Pennsylvania R.R. Co., 383 U.S. 225, 86 S.Ct. 768, 15 L.Ed.2d 717 (1966), as support for his position. *Accardi* brings to light the distinction between the seniority aspect (length of vacation relative to length of service) of vacation privilege and the employee's right to a paid vacation at all. *Accardi* deals with the seniority aspect and did not deal with vacation rights as "other benefits." See *Magma*, 380 F.2d at 321–322. In fact, the labor agreement in effect in the case at hand provided for the *Accardi* situation.

Plaintiff also argues that amended section 459(g) (4) is applicable, at least in spirit, to this case. That subsection provides that the returning employee shall have such "seniority, status, pay, and vacation as he would have if he had not been absent for such purposes." Subsection (g) (4) differs from subsection (c) (1) in that (g) (4) is designed for persons granted a leave of absence to perform active or inactive training in the armed forces.

Section 459 has been amended several times subsequent to the decisions herein cited, and Congress must have been aware of the construction the courts were giving section 459(c) (1). Had Congress intended the language of subsection (g) (4) to apply to subsection

erans, 29 A.L.R.2d 1279, 1324–27 (1953). Dugger is entitled to participate in vacation rights to the extent that they are "offered by the employer pursuant to established rules and practices relating to employees on furlough or leave of absence * * *." Section 459(c) (1). Thus, Dugger, as a returning veteran, is not entitled to vacation rights which non-returning veteran employees on leave of absence could not receive. Borges v. Art Steel Co., 246 F.2d 735, 738 (2d Cir. 1957); Dougherty v. General Motors Corp., 176 F.2d 561 (3d Cir. 1949). In the case at hand, the labor agreement represents the railroads "established rules and practices relating to employees on furlough or leave of absence. '* * *'"

Under the terms of the labor agreement, if an employee rendered fewer than 110 days of compensated service in the year preceding because he was on leave of absence, he would not be entitled to a paid vacation. The agreement contained no provision which would excuse a returning veteran from satisfying this requirement. In order to receive a paid vacation in 1965 and 1966, therefore, Dugger was required to render 110 days of compensated service in 1964 and 1965, respectively.

 It is undisputed that Dugger did not work 110 days either in 1964 or 1965. As a matter of law, therefore, plaintiff was not entitled to a paid vacation in 1965 and 1966. This interpretation places veterans and non-veteran employees on a parity, as required by the Act; to make an exception for returning veterans would be to discriminate against non-returning veterans.

Plaintiff's argument that the Act does not forbid such discrimination undoubtedly is correct, but this labor agreement did not so provide. Defendant's employees or their elected officials could have bargained to have such an exception included in the labor agreement. This, however, was not done, and Congress did not intend to take the employees' position at the bargaining table. The courts also have been careful not to invade the sanctity of labor-management relations. See John Wiley & Sons, Inc. v. Livingston, 376 U.S. 543, 84 S.Ct. 909, 11 L.Ed. 2d 898 (1964); Trailmobile Co. v. Whirls, 331 U.S. 40, 59, 61, 67 S.Ct. 982, 91 L.Ed. 1328 (1947).

■ There is no genuine issue as to any material fact, and defendant is entitled to a judgment as a matter of law.

Now, therefore, it is hereby ordered

(a) that defendant's motion for summary judgment is granted;

(b) that the cause is hereby dismissed; and

(c) that each party shall bear and pay its costs incurred herein.

The Clerk shall file this Memorandum and Order, which is a final judgment, and mail true and correct copies to counsel of record.

(c) (1), it could have specifically so provided. Compare Helvering, Commissioner of Internal Revenue v. Reynolds, 313 U.S. 428, 432, 61 S.Ct. 971, 85 L.Ed.

1438 (1941); Sherman v. Hamilton, 295 F.2d 516 (1st Cir. 1961), cert. denied, 369 U.S. 820, 82 S.Ct. 827, 7 L.Ed.2d 785 (1962).