Joseph M. TUTTLE, Donald R. Elliott, and Kenneth S. Rexford, Plaintiffs,

v.

U. S. PLYWOOD CORPORATION (now U. S. Plywood-Champion Papers Inc.), Defendant.

Melvin J. ROBERTS, Francis K. Rose, William G. Rose, Melford J. Thompson, and James A. Blakey, Plaintiffs,

v.

INTERNATIONAL PAPER COMPANY, Defendant.

Civ. Nos. 67–263, 67–264.

United States District Court
D. Oregon.

Sept. 27, 1968.

Sidney I. Lezak, U. S. Atty., Norman Sepenuk, Asst. U. S. Atty., Portland, Ore., for plaintiffs.

Cleveland C. Cory and Garry R. Bullard, Davies, Biggs, Strayer, Stoel & Boley, Portland, Ore., for defendant, U. S. Plywood Corp.

Judson T. Klingberg, McLean, Klingberg & Houston, Longview, Wash., James H. Clarke and Lewis K. Scott, McColloch, Dezendorf & Spears, Portland, Ore., for defendant, Intern. Paper Co.

## OPINION

SOLOMON, Chief Judge:

Plaintiffs, who returned to the jobs they held before being inducted into the Armed Forces, filed actions against their employers for benefits denied them under collective bargaining agreements. Specifically, they assert that the provisions of the Universal Military Training and Service Act, 50 U.S.C. App. § 459, entitle them to the benefits under the contract even though they did not meet the work requirements which under the contract were a condition to receiving benefits.

■■■ Upon application of a former employee who satisfactorily completed his military service, a private employer must restore him to his former position "or to a position of like seniority, status, and pay." 50 U.S.C. App. § 459(b) (B) (i). To determine whether an employee is entitled to a benefit based on seniority, a veteran will be considered to have been in the continuous service of the employer while he is in the Armed Forces. Fishgold v. Sullivan Drydock & Repair Corp., 328 U.S. 275, 66 S.Ct. 1105, 90 L.Ed. 1230 (1946). If a benefit is not perquisite of seniority, then the veteran is entitled to it only if it is provided for in the collective bargaining agreement or the employment rules relating to employees on furlough or leave of absence. 50 U.S.C. App. § 459(c) (1).

The plaintiffs claim that they are entitled to vacation pay for the year they returned from the Armed Forces. They also claim holiday pay for the "paid holidays" occurring during the first six months of their absences in military service. The collective bargaining agreements provided that to receive any vacation pay an employee must have worked at least 640 hours during the preceding vacation base year. The agreements granted holiday pay for six months to an employee who was absent because of an industrial accident[1] and who met certain work requirements, which the plaintiffs agree they did not meet. They also agree that they did not meet the work requirements for vacation pay.

The employers contend that because of the work requirements, both vacation and holiday pay are compensation for services performed and should therefore be treated as nonseniority benefits. The employees disagree. They read Accardi v. Pennsylvania Railroad Co., 383 U.S. 225, 86 S.Ct. 768, 15 L.Ed.2d 717 (1966), and Eagar v. Magma Copper Co., 389 U.S. 323, 88 S.Ct. 503, 19 L.Ed. 2d 557 (1967) (*per curiam*), to mean that a benefit is a perquisite of seniority if it would automatically have accrued to the veteran had he remained in employment.

In *Accardi*, veterans claimed severance pay based on the time they spent in the Armed Forces. The employer argued that since he measured severance pay by length of "compensated service" it was compensation for work performed rather than a perquisite of seniority. The Supreme Court rejected this contention when it found that an employee could receive credit for a year of compensated service by working only seven days.

In *Eagar*, the veteran claimed vacation benefits under a collective bargaining agreement. This agreement granted benefits if an employee worked at least 75 per cent of his available shifts within the year and if he were employed on the last day of his employment year. The plaintiff had satisfied the work requirement but was inducted into the Armed Forces six days before the end of his

---

1. Plaintiffs argue that the Act requires defendants to grant veterans all nonseniority benefits which they grant to any employee on furlough or leave of absence. Because of the conclusion we reach in this case, we do not decide this question.

employment year. The Supreme Court granted the vacation benefits to the employee.

Neither *Accardi* nor *Eagar* are in point. In *Accardi*, the Court would not permit an employer to avoid the seniority provisions of the Act merely by labeling a benefit compensation for services performed. In *Eagar*, the Court would not permit an employer to deny vacation benefits to an employee who had performed all the work requirements. The only deficiency was that he was not on the payroll on the last day of the employment year because he was in the Armed Forces of the United States. It is this type of requirement which is satisfied by military service. 50 U.S.C. App. § 459(b) (B).

In this case, unlike *Accardi*, the collective bargaining agreements contain bona fide work conditions. Unlike *Eagar*, the plaintiffs have not performed the work conditions. In Siaskiewicz v. General Electric Co., 166 F.2d 463 (2d Cir. 1948), returning veterans did not meet work requirements for vacation benefits under the collective bargaining agreement. The Court held that since the right to vacation pay did not arise unless the employee actually worked it was not a perquisite of seniority. I agree with *Siaskiewicz.*

Plaintiffs in their reply brief cite Kelly v. Chicago, Rock Island and Pacific Railroad Co., W.D.Okla., 293 F.Supp. 423 May 21, 1968. In *Kelly*, a returning veteran claimed vacation benefits which were conditioned on rendering at least 120 days of compensated service during the preceding year. The plaintiff did not meet this requirement because he was in the Armed Forces. The Court held that *Eagar* required the employer to pay the benefits since it concluded that under *Eagar* a plaintiff "was entitled to his vacation time notwithstanding the fact that he rendered no compensated service during the antecedent period."

I cannot agree with *Kelly's* interpretation of *Eagar.*

Since both vacation and holiday pay are conditioned on work performed, and since there is no claim that this condition is a sham, I find that the plaintiffs are not entitled to the benefits.

This opinion will serve as findings of fact and conclusions of law under Rule 52(a), Fed.R.Civ.P.