### SIASKIEWICZ et al. v. GENERAL ELECTRIC CO.

No. 139, Docket 20839.

Circuit Court of Appeals, Second Circuit.

March 4, 1948.

Before L. HAND, SWAN and FRANK, Circuit Judges.

Seymour Linfield, of New York City, for plaintiffs-appellants.

Donovan, Leisure, Newton, Lumbard & Irvine, of New York City (Granville Whittlesey, Jr., Frederick M. Davenport, Jr. and Walter R. Mansfield, all of New York City, of counsel), for defendant-appellee.

FRANK, Circuit Judge.

This is a suit by four veterans of the United States armed forces and one former member of the Merchant Marine, appellants, against the General Electric Company, appellee, to recover vacation pay which they claim is due them. All five worked for appellee before their entrance into war service, and all five at the time of their induction had been paid by the company the amount of vacation pay then due them. All five returned to the employ of the appellee within the time provided by the re-employment provisions of the Selective Service and Training Act, 50 U.S.C.A. Appendix, § 308. There is no dispute that they were returned to proper job and seniority status, except for their claim to vacation pay for the calendar year during which they returned to work.

Appellee's employees are entitled to annual vacations with pay, subject to the terms of a contract between appellee and the United Electrical, Radio, and Machine Workers of America (CIO), which represents the employees. This contract was in effect when appellants entered service, and the employment policy set out in it has been continuously in effect since 1923. Its pertinent sections provide: "1. Vacations with pay allowances will be granted to employees as follows: One week after completion of one year of continuous service, and two weeks after completion of five years continuous service. [Additional days beyond one week are allowed for continuous service between one and five years.] a. Employees not registered on the payroll are not entitled to a vacation. If such employees are re-engaged with continuity of service they must work a period of six months (or a period equivalent to their absence if less than six months) before receiving the vacation for which they are eligible."

Each appellant returned to work in July, August or September of 1945 or 1946, and consequently it was impossible for them to work six months in the calendar year during which they were re-employed. For that reason appellee maintained they were ineligible for vacation pay for that year, under the terms of the contract. Appellants brought suit for their vacation pay during the year in which they returned to work, basing their claims on the Selective Training and Service Act, 50 U.S.C.A. Appendix, § 308(b) (B) and (c)[1] or the Act to Provide Re-employment Rights for

---

[1] The pertinent provisions of the Act read: "§ 308(b). In the case of any such person who, in order to perform such training or service, has left or leaves a position * * * and who * * * makes application for reemployment * * * (B) if such position was in the employ of a private employer, such employer shall restore such person to such position or to a position of like senior-

Members of the Merchant Marine, 50 U.S. C.A.Appendix, § 1472 [2] which is substantially identical. The trial court held (1) that, since they were not carried on appellee's payroll for six months of the year of their return, they did not qualify for vacation pay in that year, and (2) that the statutes had not been violated. It gave judgment for the company, and the employees brought this appeal.

■ Appellants argue that, in refusing to give them vacation pay, the company failed to restore them to their former position, or a position of like seniority, status and pay, and failed to restore them without loss of seniority, thus violating section 8(b) (B) and (c) of the Selective Training and Service Act. The company concedes that, if appellants are entitled to vacation pay, the amount of that pay will be determined by appellants' seniority. But right to vacation pay stems from the union contract, and that contract does not provide for vacation pay based on seniority alone. Seniority consists of a relative position among all employees within a specified job group, determined by length of service with the employer, and controlling, to the extent provided for in the contract, such matters as lay-offs and promotions and such other benefits as vacations. The contract here expressly provides that the length of vacations shall be determined by seniority, but that eligibility for vacations with pay must be determined by payroll status, and the district court expressly found that appellants did not have such status.

The real essence of appellants' argument is not that they have been deprived of seniority, but that they are being discriminated against as veterans in a manner prohibited by law.[3] Their reasoning runs thus: But for their war service, they would have been at work in the plant; had they been at work, they would have had a payroll status, and would have been entitled to vacation pay; therefore, to deny them this pay is to discriminate against them because of their war service. Put another way, they are saying that, for the purposes of vacation pay, they should be treated as if they had been at work in the plant during their period of war service.

■ The language of the Act itself answers this contention. It provides that a person restored to his position "shall be entitled to participate in insurance or other benefits offered by the employer pursuant to established rules and practices relating to employees on furlough or leave of absence in effect with the employer at the time such person was inducted." [4] Since

---

ity, status, and pay * * * (c) Any person who is restored to a position in accordance with the provisions of paragraph (A) or (B) of subsection (b) shall be considered as having been on furlough or leave of absence during his period of training and service in the land or naval forces, shall be so restored without loss of seniority, shall be entitled to participate in insurance or other benefits offered by the employer pursuant to established rules and practices relating to employees on furlough or leave of absence in effect with the employer at the time such person was inducted into such forces * * *"

2 The pertinent provisions of the Act read. "§ 1472 * * * (a) In the case of any such person who, in order to perform service in the merchant marine, has left or leaves a position * * * and makes application for reemployment * * * (B) if such position was in the employ of a private employer, such employer shall restore such person to such position or to a position of like seniority, status, and pay * * * (d) Any person

who is restored to a position in accordance with the provisions of paragraph (A) or (B) of subsection (a) or this section shall be considered as having been on furlough or leave of absence during his period of service, shall be so restored without loss of seniority, shall be entitled to participate in insurance or other benefits offered by the employer pursuant to established rules and practices relating to employees on furlough or leave of absence in effect with the employer at the time such person entered such service * * *."

3 Fishgold v. Sullivan Drydock & Repair Corp., 328 U.S. 275, 66 S.Ct. 1105, 90 L.Ed. 1230, 167 A.L.R. 110; Trailmobile Co. v. Whirls, 331 U.S. 40, 67 S.Ct. 982; Gauweiler v. Elastic Stop Nut Corp., 3 Cir., 162 F.2d 448; Payne v. Wright Aeronautical Corp., 3 Cir., 162 F.2d 549.

4 50 U.S.C.A.Appendix, § 308(c). We do not think the legislative history of this section supports appellants' contention that its force is limited to the period while a person is in service, but that after dis-

vacation rights are not pay unless they are for work actually done,[5] and since they are not merely a perquisite of seniority, they must fall under the heading of "other benefits." Hence, under the language of the Act, appellants must be treated like non-veteran employees on furlough or leave of absence. But non-veteran employees of appellee who were on leave of absence for more than half a year would not be entitled to vacation pay for that year. Therefore, appellants are not so entitled. To grant them such pay would be to discriminate in favor of them as veterans, and against non-veteran employees. That discrimination in favor of veterans is as foreign to the purposes of the Act as discrimination against them, the Supreme Court decided when it passed on the issue of "super-seniority," Fishgold v. Sullivan Drydock & Repair Corp., 328 U.S. 275, 66 S.Ct. 1105, 90 L.Ed. 1230, 167, A.L.R. 110; Trailmobile Company v. Whirls, 331 U.S. 40, 67 S.Ct. 982.

Affirmed.

Lansing L. Mitchell and John N. McKay, Asst. U. S. Attys., both of New Orleans, La., for appellant.

James David McNeill and Warren M. Simon, both of New Orleans, La., for appellee.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

charge the person is to be considered as though he had been at work.

[5] See In re Wil-Low Cafeterias, 2 Cir., 111 F.2d 429; In re Public Ledger, 3 Cir.,

161 F.2d 762, 768; MacLaughlin v. Union Switch and Signal Co., 3 Cir., 1948, 166 F.2d 46.