**Thomas C. EWERT et al., Plaintiffs-Appellees,**

v.

**WROUGHT WASHER MFG. CO., a corporation, Defendant-Appellant.**

**No. 72-1175.**

United States Court of Appeals, Seventh Circuit.

Argued March 1, 1973.

Decided April 3, 1973.

Rehearing Denied May 2, 1973.

Albert H. Petajan, Barton M. Peck, Milwaukee, Wis., for defendant-appellant.

Harold C. Nystrom, Associate Sol., Bobbye D. Spears, Atty., U. S. Dept. of Labor, Washington, D. C., Morton Hollander, Chief, App. Section, U. S. Dept. of Justice, Washington, D. C., David J. Cannon, U. S. Atty., Milwaukee, Wis., for plaintiffs-appellees.

Before FAIRCHILD, STEVENS, Circuit Judges, and CAMPBELL, Senior District Judge.[1]

PER CURIAM.

This is an appeal by defendant from a judgment for plaintiffs, opinion reported, Ewert v. Wrought Washer Mfg. Co., 335 F.Supp. 512 (E.D.Wis.1971).

We affirm, relying, as did the district court, on Accardi v. Pennsylvania R. Co., 383 U.S. 225, 86 S.Ct. 768, 15 L.Ed.2d 717 (1966) and Eagar v. Magma Copper Co., 389 U.S. 323, 88 S.Ct. 503, 19 L.Ed. 2d 557 (1967).

According to the collective bargaining agreement in *Eagar*, the length of paid vacation and the amount of holiday pay depended upon seniority; eligibility for vacation at the time applied for was conditioned on presence at work a percentage of the immediately preceding year and on the date of application; holiday pay was conditioned on being on the payroll for the preceding three months. Similarly, in the case before us, the length of vacation was dependent on seniority; eligibility in a given calendar year required presence at work to a specified extent in the preceding calendar year.

The district court seems to have said that contractual vacation rights are al-

1. Senior District Judge Campbell of the Northern District of Illinois is sitting by designation.

ways perquisites of seniority, and that there could be no contractual provision under which vacation rights would fall into the class of other benefits. "We believe, however, that *Eagar*, in holding that vacation benefits are perquisites of seniority, dictates that resort cannot be had to the collective bargaining agreement to determine the nature of those benefits." 335 F.Supp. 514. Government counsel, appearing for plaintiff, does not argue so broadly, and stresses the relationship between seniority and vacation rights in the collective bargaining agreement in this case.

Several court of appeals decisions have held that *Eagar* required classifying vacation rights as perquisites of seniority. Locaynia v. American Airlines, Inc., 457 F.2d 1253 (9th Cir. 1972) and cases therein cited. Two have held that, under particular contracts, vacation rights are not perquisites of seniority. Dugger v. Missouri Pacific Railroad Company, 276 F.Supp. 496 (S.D.Tex.1967), decided before *Eagar*, but affirmed after *Eagar*, 403 F.2d 719 (5th Cir. 1968), cert. denied 395 U.S. 907, 89 S.Ct. 1752, 23 L.Ed.2d 222; Kasmeier v. Chicago, Rock Island and Pacific Railroad Co., 437 F.2d 151 (10th Cir. 1971).

Whatever one may conclude about the correctness of *Dugger* and *Kasmeier* with respect to the contracts there considered, we have no difficulty in concluding, under *Eagar's* application of *Accardi*, that the vacation rights under the contract in this case are perquisites of seniority. Accordingly it is unnecessary to decide that there are no conceivable contractual provisions under which vacation rights are so purely additional compensation for services actually rendered, and so independent of seniority that *Eagar* would not apply.

Much of what was said in Foster v. General Motors Corp., 191 F.2d 907 (7th Cir. 1951), relied on by defendants, is no longer correct in the light of *Eagar*, and the rationale expressed for Connett v. Automatic Electric Company, 323 F. Supp. 1373 (N.D.Ill.1971), must also yield.

The judgment is affirmed.