Franklin J. AUSTIN et al.,
Plaintiffs-Appellees,

v.

SEARS, ROEBUCK AND CO., a corporation, Defendant-Appellant.

No. 73-2704.

United States Court of Appeals,
Ninth Circuit.

Oct. 21, 1974.

**1034**

H. Warren Siegel (argued), Alhambra, Cal., for defendant-appellant.

Philip S. Malinsky, Asst. U. S. Atty. (argued), Los Angeles, Cal., for plaintiffs-appellees.

## OPINION

Before DUNIWAY and HUFSTEDLER, Circuit Judges, and KING,* District Judge.

HUFSTEDLER, Circuit Judge:

█ The issue on appeal is whether the appellees, who are veterans reinstated by their employer, Sears, Roebuck and Company ("Sears"), are entitled to vacation benefits in the year of their return from the service, under the provisions of the Selective Service Act of 1967 and the terms of Sears' collective bargaining agreement. Relying on our decision in Locaynia v. American Airlines, Inc. (9th Cir. 1972) 457 F.2d 1253, the district court granted summary judgment in the appellees' favor, holding that their vacation benefits were

perquisites of seniority rather than benefits earned by actual work. We reverse. The Sears collective bargaining agreement, unlike the contract considered in *Locaynia,* based eligibility for vacation benefits on actual work; seniority was a factor in determining the amount of vacation benefits, but not in fixing entitlement.

Appellees contend that under the Selective Service Act of 1967 [1] time served in the military must be treated as time worked for the purpose of computing vacation earned. Each appellee had served in military service the entire twelve months preceding his reinstatement. Each claimed that he was entitled to all of the vacation benefits that would have accrued to him if he had spent that full year working at Sears. The difficulty with the appellees' position is that, under the Sears vacation plan, time spent in the service is not a substitute for the actual work for Sears that is essential for eligibility; service time is credited only for the purpose of computing the maximum benefits that can be earned by an employee who has spent all or part of the prior year working at Sears.

The Sears plan, adopted pursuant to its collective bargaining agreement, clearly and specifically separates the seniority and actual work components of

---

* The Honorable Samuel King, District of Hawaii, sitting by assignment.

1. 50 U.S.C. App. § 459 provides, *inter alia,* that a veteran returning from the armed forces to his previous place of employment:

"(b) (B) if such position was in the employ of a private employer, such person shall—
"(i) if still qualified to perform the duties of such position, be restored by such employer or his successor in interest to such postion or to a position of like seniority, status, and pay;
" . . . .
"(c) (1) Any person who is restored to a position in accordance with the provisions of paragraph (A) or (B) of subsection (b) [of this section] shall be considered as having been on furlough or leave of absence during his period of training and service in the

armed forces, shall be so restored without loss of seniority, shall be entitled to participate in insurance or other benefits offered by the employer pursuant to established rules and practices relating to employees on furlough or leave of absence in effect with the employer at the time such person was inducted into such forces, and shall not be discharged from such position without cause within one year after such restoration.
"(2) It is declared to be the sense of the Congress that any person who is restored to a position in accordance with the provisions of paragraph (A) or (B) of subsection (b) [of this section] should be so restored in such manner as to give him such status in his employment as he would have enjoyed if he had continued in such employment continuously from the time of his entering the armed forces until the time of his restoration to such employment."

its vacation policy. Seniority is based on the length of employment by Sears; employment longevity includes actual work and leaves of absence, military and nonmilitary. Eligibility is keyed to actual work on the job.[2] Vacation benefits increase incrementally "with each month of service," which we interpret to

2. The agreement is substantially reproduced in Sears' Personnel Manual, which provides in pertinent part as follows:
"*GENERAL POLICY REGARDING VACATIONS*
It is the policy of the Company to grant paid vacations to qualified employes as follows:
a. *Regular Employe*
The Company grants a paid vacation each year to every regular employe with one or more years of service. The amount of vacation is determined by the employe's length of service.
After the first year of service, a regular employe earns vacation on a month-to-month basis. With each month of service, he earns $\frac{1}{12}$th of the full year's vacation allowance for which he is eligible in accordance with Company policy. If he resigns or is released, any earned vacation is paid to him when his services are terminated.
"*ELIGIBILITY FOR AND AMOUNT OF VACATION*
a. *General Requirements*
1. *Regular Employes*
Regular employes are entitled to vacation as follows:
One week after completing one year of continous service;
Two weeks each year after completing two but less than 10 years of continuous service;
Three weeks each year after completing 10 but less than 20 years of continuous service;
Four weeks each year after completing 20 years of continuous service.
The 'anniversary year,' not calendar year, is used in administering the vacation policy for regular employes.
The 'anniversary year' is the year between one anniversary of a regular employe's service date and the next anniversary.
"*SCHEDULING VACATIONS*
a. *Vacation Plans*
All employes are expected to take their vacation during the anniversary year in which they are due.
"*VACATION FOR EMPLOYE ON LEAVE OF ABSENCE*
Vacation does not accrue during any type of leave of absence regardless of whether the employe later receives service credit for all or a portion of the time absent on leave. Vacations in leave of absence cases are handled as follows:
a. *Employe Going on Leave of Absence*
. . . . . . . . .
4. *Military Leave of Absence*
In addition to vacation due to his last anniversary date but not taken, the employe should be paid vacation earned to date of leaving, computed as follows:

| Continuous Service at Time Leave Began | Vacation Pay for Each Completed Anniversary Month Worked Since Last Anniversary Date |
|---|---|
| 1 to 10 years | $\frac{1}{6}$ of a week |
| 10 to 20 years | $\frac{1}{4}$ of a week |
| 20 years and over | $\frac{1}{3}$ of a week |

c. [*Employe Returning From Leave of Absence*]
*       *       *       *       *       *       *

| Continuous Service at Time Leave Began | Vacation Pay for Each Completed Anniversary Month Worked Since Return From Leave |
|---|---|
| 1 to 10 years | $\frac{1}{6}$ of a week |
| 10 to 20 years | $\frac{1}{4}$ of a week |
| 20 years and over | $\frac{1}{3}$ of a week |

mean approximately a month of working days, including excused absences, sickness and the like. (*See* Foster v. Dravo Corp. (3d Cir. 1973) 490 F.2d 55, 62, cert. granted, (1974) —— U.S. ——, 95 S.Ct. 38, 42 L.Ed.2d 46.)

■ The overriding purpose of the provisions of the Selective Service Act in issue was to preserve to the returning veteran those employment benefits that he was more likely than not to have obtained if his employment had not been interrupted by his service in the armed forces (Accardi v. Pennsylvania R.R. (1966) 383 U.S. 225, 86 S.Ct. 768, 15 L.Ed.2d 717; Tilton v. Missouri P.R.R. (1964) 376 U.S. 169, 84 S.Ct. 595, 11 L.Ed.2d 590).[3]

■■ Benefits that derive from longevity of employment are protected rights. But the Act does not prevent other benefits from being tied to work actually performed as well as to seniority or solely to work actually performed, if the scheme is not a device to avoid the intended impact of the Act. Any effort to convert benefits that are traditionally a function of length of association into benefits that are pinned to actual time on the job will be subjected to close judicial scrutiny, and any indication that the linkage is a product of bad faith, subterfuge, or attempted evasion of the Act will signal its defeat. (*Cf.* Palmarozzo v. Coca-Cola Bottling Co. of New York, Inc. (2d Cir. 1973) 490 F.2d 586.)[4]

e. 1. *Regular Employe Returning From Military Leave*
    (a) *Vacation Due on First Anniversary Date Following Return From Military Service*

A regular employe returning from a military leave of absence is not entitled to any vacation until he reaches his anniversary date. At that time he is entitled to vacation as follows:

. . . If he had one or more years of service at the time he was placed on leave, he is entitled to:

$\frac{1}{6}$ of a week's vacation with pay for each month he has worked since he returned from his leave of absence ($\frac{1}{4}$ of a week for employes with between 10–20 years of service, $\frac{1}{3}$ of a week for employes with 20 or more years of service). This vacation can be anticipated by as much as 6 months.

. . . If he had less than one year of service at the time he was placed on leave but passed his first anniversary while on leave, he is entitled to:

$\frac{1}{12}$th of a week's vacation with pay for each month of service prior to going on leave (provided he had not already anticipated his first year's vacation prior to going on leave), plus $\frac{1}{6}$th of a week's vacation with pay for each month he has worked since he returned from leave.

2. *Employe Not on Military Leave*
    (a) *Regular Employe*

The employe's vacation will be determined in the same manner as for employes on military leave."

———◆———

3. We do not read *Accardi's* reference to "automatically" (383 U.S. at 229, 86 S.Ct. 768) accruing rights and benefits as limiting the benefits only to those which are inevitable. Rather, we read *Accardi* with *Tilton* in which the Court emphasized that "absolute forseeability" (376 U.S. at 179, 84 S.Ct. 595) of a benefit's accruing was not a prerequisite to enjoyment of the Act's protections (376 U.S. at 181, 84 S.Ct. 595).

The Act itself provides some exceptions for particular benefits that would otherwise fall in the protected class. (50 U.S.C. App. § 459(c)(1).)

4. We are fully mindful of the Second Circuit's warning against attaching any legal significance to work requirements as conditions of employee benefits, lest we invite subterfuge and evasion of the Act. Palmarozzo v. Coca-Cola Bottling Co. of New York, Inc., *supra*, 490 F.2d 586, 592.

■ Nothing in the record before us suggests that the agreement conditioning eligibility for vacation benefits upon actual time on the job is in the suspect category. A paid vacation is fairly understood as part of a worker's short-term return for labor; hence, treating vacation time earned as a function of actual labor performed is not unreasonable. (*See* Foster v. Dravo Corp., *supra*, 490 F.2d at 63.)

■ When a benefit is justifiably attached to actual time on the job as an earned benefit, that benefit need be offered to the returning veteran only on the same basis as it is offered to other employees returning from nonmilitary leaves. (*See* Palmarozzo v. Coca-Cola Bottling Co., *supra* at 593 (Friendly, J., dissenting).) Sears' employees who were on nonmilitary leave for the entire year preceding their return would receive no vacation benefits the year of their return. Accordingly, the returning veterans can receive none.

A contrary conclusion would place these appellees in a better position than those who remained in Sears' employment on nonmilitary leave during the same period. Moreover, these veterans would be receiving a double vacation check, one from Sears and one from the Government. Each was entitled to paid vacation at the rate of two and one-half calendar days for each month of active service, *i. e.*, thirty days paid vacation per year (10 U.S.C. § 701). A collective bargaining agreement that avoids double vacation pay is not within the ambit of evil that the court in *Palmarozzo* feared.

This is not a case in which a returning veteran received no vacation credit for work he performed in the year of his entry because he was not present on a specific date (*see* Eagar v. Magma Copper Co. (1967) 389 U.S. 323, 88 S.Ct. 503, 19 L.Ed.2d 557; Hollman v. Pratt & Whitney Aircraft (5th Cir. 1970) 435 F.2d 983), or because he had almost, but not quite, enough time at work before he responded to the call of service (*cf.* Foster v. Dravo Corp., *supra*, 490 F.2d at 63). Under the Sears plan, these veterans received vacation credits for work actually performed in the respective years in which they entered the armed service. Sears accordingly paid each appellee a pro-rated, paid-vacation sum computed to the date that each one left Sears. (*Cf.* Kasmeier v. Chicago, Rock Island & P. R.R. (10th Cir. 1971) 437 F.2d 151, 155.)

Reversed.