## EAGAR ET AL. v. MAGMA COPPER CO.

No 659.   Decided December 11, 1967.

*Acting Solicitor General Spritzer, Acting Assistant Attorney General Eardley, Alan S. Rosenthal* and *Richard S. Salzman* for petitioners.

*Howard A. Twitty* for respondent.

PER CURIAM.

The petition for a writ of certiorari is granted and the judgment is reversed.   *Accardi* v. *Pennsylvania R. Co.,* 383 U. S. 225.

MR. JUSTICE MARSHALL took no part in the consideration or decision of this case.

MR. JUSTICE DOUGLAS, with whom MR. JUSTICE HARLAN and MR. JUSTICE STEWART concur, dissenting.

Petitioner Eagar [1] began working for Magma Copper Company March 12, 1958, and left to enter military service just shy of one year later, March 6, 1959.   After being honorably discharged, Eagar promptly resumed his employment with Magma, May 2, 1962.   He seeks vacation pay for the work year following March 12, 1958, and for the Memorial Day and Independence Day holidays in 1962, which followed his re-employment.

---

[1] There are three other employees of respondent Magma Copper in addition to Eagar on whose behalf the Department of Justice has sought review.   The Solicitor General and respondent agree that the facts in Eagar's case are representative of the other petitioners' cases, and this Court is asked to resolve the legal dispute on the basis of these facts.

Under Magma's collective bargaining agreement with petitioners' union, paid vacations are provided at the end of a work year if the employee works 75% of the shifts available to him in that year and is employed with Magma on the one-year anniversary date. Employees who get paid holidays must have worked the shift before and the shift after the holiday and have been on Magma's payroll continuously for three months before the holiday.

Although Eagar had worked 75% of the shifts for the year March 12, 1958, to March 12, 1959, and had worked the shifts before and after Memorial Day and Independence Day in 1962, Magma denied him benefits. Eagar was not, Magma claims, in its employ on March 12, 1959, nor had he been on the payroll three straight months prior to Memorial and Independence days in 1962.

The majority hold that Magma has violated § 9 (c) of the Universal Military Training and Service Act, 62 Stat. 615, as amended, 50 U. S. C. App. § 459, which provides, *inter alia*, that a returning serviceman such as Eagar who is re-employed "shall be considered as having been on furlough or leave of absence during his period of training and service in the armed forces, shall be so restored without loss of seniority, [and] shall be entitled to participate in insurance or other benefits offered by the employer pursuant to established rules and practices relating to employees *on furlough or leave of absence* in effect with the employer at the time such person was inducted into such forces . . . ." [2] (Italics added.)

---

[2] Section 9 (c) also provides:

"It is declared to be the sense of the Congress that any person who is restored to a position in accordance with . . . this section should be so restored in such manner as to give him such status in his employment as he would have enjoyed if he had continued in such employment continuously from the time of his entering the armed forces until the time of his restoration to such employment."

Section 9 (c) speaks both of "seniority" and of "insurance or other benefits." In dealing with seniority problems under a like statutory provision, we held that the employee is to be treated as if he had kept his position continuously during his stint in the Army. *Accardi* v. *Pennsylvania R. Co.*, 383 U. S. 225, 228; *Fishgold* v. *Sullivan Corp.*, 328 U. S. 275, 284–285.

But this case does not concern "seniority." No employee of Magma, it appears, regardless of how long he has been with the firm, gets paid vacation if he is not on the payroll on his work-year anniversary date. No employee gets a paid holiday unless he has been with Magma for the three preceding months. The *length* of vacation and the *amount* of vacation and holiday pay Magma gives do turn on seniority. But petitioners do not contest Magma's assertion that it does figure the length of vacation for returning servicemen as though they had been constantly on the payroll during their tour of duty in the military. In considering the employee's eligibility for vacation and holiday pay, since seniority is not involved, the courts must apply the "other benefits" clause of § 9 (c). See *Borges* v. *Art Steel Co.*, 246 F. 2d 735, 738 (C. A. 2d Cir.). As noted, these benefits are accorded as if the employee were on "furlough or leave of absence" while in service. That is precisely what Magma has done.

*Accardi* admonishes the courts to give the term "seniority" a broad interpretation. 383 U. S., at 229. But *Accardi* did not involve the "other benefits" clause, which must be applicable in this clear fringe-benefits case if at all.[3] As Judge Learned Hand said, "[O]bviously the

---

[3] The "sense of Congress" proviso in § 9 (c) does not indicate a different result. The language was added in 1948 when the "seniority" and "other benefits" provisions were re-enacted upon the expiration of § 8 of the Selective Training and Service Act of 1940, 54 Stat. 890. The "sense of Congress" is concerned with employee "status,"

326

considerations which might make it proper that service in the Army should not affect a man's seniority are utterly different from those which should count in computing vacations." *Dwyer* v. *Crosby Co.*, 167 F. 2d 567, 570 (C. A. 2d Cir.). I would affirm the judgment below.

---

see n. 2, *supra*. But if "status" were meant to include eligibility for fringe benefits, Congress would not have left unchanged the explicit provision that "other benefits" are to be dispensed as if the returning serviceman had been on leave of absence.