**Darwin Jerry KELLY, Jr., Plaintiff,**

v.

**CHICAGO, ROCK ISLAND AND PACIFIC RAILROAD COMPANY, a corporation, Defendant.**

**Civ. No. 67-318.**

United States District Court

W. D. Oklahoma.

May 21, 1968.

B. Andrew Potter, U. S. Atty., for the Western District of Oklahoma, and Givens Adams, Asst. U. S. Atty., for the Western District of Oklahoma, for plaintiff.

J. I. Gibson and Philip L. Savage, of Savage, Gibson, Benefield & Shelton, Oklahoma City, Okl., for defendant.

## MEMORANDUM OPINION

EUBANKS, District Judge.

This case has been submitted upon an agreed statement of facts evidenced by written stipulation. Both parties have filed adequate briefs.

The pertinent facts are that plaintiff was employed by defendant on March 8, 1966, as a carman apprentice. He left such employment on April 1, 1966 to enter the military service in the armed forces of the United States where he served honorably until his discharge on August 13, 1966. He was re-employed by defendant in the position he originally held on August 15, 1966 and has remained with the defendant company since that time. Plaintiff demanded that he be allowed an annual vacation of five consecutive work days with pay during the calendar year 1967, which demand was refused by the railroad company. Plaintiff concedes that defendant has afforded him all other privileges to which he was entitled excepting only the vacation which he seeks to compel by this action.

Plaintiff is an employee, whose employment rights, and other benefits, are subject to the appropriate provisions of certain collective bargaining agreements which are attached to the stipulations of facts. Defendant takes the position that plaintiff is not entitled to relief herein because the agreement allows annual vacation with pay only to employees *"who renders compensated service* on not less than one hundred twenty (120) days during the preceding calendar year." This contention of defendant seems to be in keeping with the collective bargaining agreements and was undoubtedly a sound and valid position at the time it was taken in 1967. However, the recent decision of the Supreme Court in Eagar v. Magma Copper Co., 389 U.S. 323, 88 S.Ct. 503, 19 L.Ed.2d 557, completely resolves the question adversely to defendant.

I believe that "Magma" compels a holding that plaintiff is entitled to the relief sought by him. Defendant asserts that the per curiam reversal of the Ninth Circuit in Magma [See Magma Copper Co., San Manuel Division v. Eagar, 380 F.2d 318] leaves some doubt about the question. A careful reading of the reversed circuit court decision together with a reading of the dissenting opinion written by Mr. Justice Douglas and concurred in by Mr. Justice Harlan and Mr. Justice Stewart convinces me that the high court held that a plaintiff similarly situated was entitled to his vacation time notwithstanding the fact that he rendered no compensated service during the antecedent period.

In view of "Magma" I have no difficulty in holding that plaintiff was, in 1967, entitled to an annual vacation of five consecutive work days with pay.

Counsel for plaintiff will prepare formal judgment in accordance with the foregoing. The Clerk will mail copy hereof to counsel of record.