Thomas C. **EWERT**, an Individual, et al.,
Plaintiffs,

v.

**WROUGHT WASHER MFG. CO.**, a
corporation, Defendant.

No. 69–C–378.

United States District Court,
E. D. Wisconsin.

Nov. 8, 1971.

John Secaris, Atty., Dept. of Labor,
Chicago, Ill., for plaintiffs.

Albert H. Petajan, of Lamfrom, Peck
& Brigden, Milwaukee, Wis., for defend-
ant.

OPINION

TEHAN, Senior District Judge.

By cross-motions for summary judg-
ment the parties to this action pursuant
to Title 50 U.S.C. App. § 459(d) present
the legal question of whether each of the
plaintiffs is entitled to vacation pay for
the vacation year in which he returned
from military service in the Armed Forc-
es of the United States by virtue of Title
50 U.S.C. App. § 459. The plaintiffs'
brief in support of their motion contains
a statement of facts, not disputed by the
defendant, which is incorporated herein
by reference. The sole question is
whether the vacation pay claimed is a
perquisite of seniority, as claimed by
the plaintiffs, or other benefit, as
claimed by the defendant. If it is a
perquisite of seniority, the plaintiffs
have a right to it under § 459 which
right is not affected by any work re-
quirement in the collective bargaining
agreement concerning the rights of the
defendant's employees; if it is not a
perquisite of seniority but is instead one
of the "other benefits" covered by §
459(c) (1), the plaintiffs' right to it
is limited by the provisions of the col-
lective bargaining agreement relating to
employees on furlough or leave of ab-
sence. The collective bargaining agree-
ment in this case contains a work re-
quirement to qualify for vacations,[1]
which was not satisfied by the plaintiffs
as to the vacation pay claimed but not
paid for the vacation year in which each

1. The agreement provides in relevant part:
"6.04 To be eligible for a vacation under
the foregoing provisions, the employee
must have been in continuous employ-
ment with the Company for the period
specified. 'Continuous employment' shall
not be affected by absence from work pro-
vided that said absence did not exceed
ninety (90) working days in the previous
calendar year, and that the absence is due
to sickness or accident certified by a doc-
tor as required under the sickness and
accident insurance company plan, lack of
work, or leave of absence. In the case
of a new employee, the said attendance
requirement shall be applied to his first
anniversary year instead of to the pre-
ceding calendar year, and in each year

thereafter, the attendance requirement
shall be established on the basis of the
attendance during the preceding calendar
year.
6.05 Employes who would otherwise quali-
fy for a vacation but are absent more
than ninety (90) working days but less
than one hundred and thirty (130) work-
ing days, measured as provided above, for
the reasons above stated, shall receive
one-half ($\frac{1}{2}$) of the regular vacation pay
to which they would be entitled had they
complied fully with the attendance re-
quirement.
6.07 Any employee entering the armed
service shall receive a proportionate
amount based on the day of his leaving
the Company."

returned from military service, due to his absence for service in the Armed Forces.

Had this case arisen prior to 1966, its resolution would clearly have been governed by the ruling of the Court of Appeals for this Circuit in Foster v. General Motors Corp., 191 F.2d 907 (1951) cert. denied 343 U.S. 906, 72 S.Ct. 634, 96 L.Ed. 1324, rehearing denied 343 U.S. 937, 72 S.Ct. 768, 96 L.Ed. 1344, which held that returning veterans' rights to vacation benefits could be limited by a work requirement in the collective bargaining agreement without violating the predecessor to § 459. The court therefore considered vacation rights to be "other benefits" subject, under § 459(c) to "established rules and practices relating to employees on furlough or leave of absence . . .", that is, subject to the provisions of the collective bargaining agreement. In 1966, however, the United States Supreme Court decided the case of Accardi v. Pennsylvania R. Co., 383 U.S. 225, 86 S.Ct. 768, 15 L.Ed.2d 717, and the following year it decided Eagar v. Magma Copper Co., 389 U.S. 323, 88 S.Ct. 503, 19 L.Ed.2d 557, rehearing denied 389 U.S. 1060, 88 S.Ct. 767, 19 L.Ed.2d 866. The effect of those decisions on the question of classification of vacation rights as seniority rights or other benefits has been a subject concerning which a conflict exists in the lower courts, and the Court of Appeals for this Circuit has not had an opportunity to rule on the matter.

In *Accardi*, the Supreme Court held that time spent in the Armed Forces by returning veterans should be included as part of their length of compensated service in computing severance pay under a labor agreement which provided that the amount of severance pay depended on the length of compensated service.[2] The amount of severance pay, the Court held, was a "perquisite of seniority" and not one of the "other benefits" subject to

rules relating to employees on furlough or leave of absence. The court indicated some approval of the argument that the "other benefits" provision in § 459(c) related to company benefits for the serviceman at the time he was in the Armed Forces, like group insurance, and held that that provision added protections to the veteran and did not take away protection of seniority rights. The purpose of the act was stated, 383 U.S. at pp. 228–229, 86 S.Ct. at p. 771, as follows:

> "The language of the 1940 Act clearly manifests a purpose and desire on the part of Congress to provide as nearly as possible that persons called to serve their country in the armed forces should, upon returning to work in civilian life, resume their old employment without any loss because of their service to their country. Section 8(b) (B) of the statute requires that private employers reinstate their former employees who are honorably discharged veterans 'to [their former] position or to a position of like seniority, status, and pay,' and § 8(c) provides that such a person 'shall be so restored without loss of seniority.' This means that for the purpose of determining seniority the returning veteran is to be treated as though he has been continuously employed during the period spent in the armed forces. Fishgold v. Sullivan Drydock & Repair Corp., 328 U.S. 275, 284–285, 66 S.Ct. 1105, 90 L.Ed. 1230."

and the following was stated with respect to seniority: (pp. 229–230, 86 S.Ct. p. 771)

> "The term 'seniority' is not to be limited by a narrow, technical definition but must be given a meaning that is consonant with the intention of Congress as expressed in the 1940 Act. That intention was to preserve for the returning veterans the rights and benefits which would have automatically accrued to them had they re-

---

2. This decision was based in part on the agreement's definition of "compensated service" which permitted a person work-

ing as little as seven days a year to be credited with a year of compensated service.

mained in private employment rather than responding to the call of their country."

In *Eagar*, the collective bargaining agreement conditioned vacation rights on both a work requirement and employment on a certain date and conditioned holiday pay rights on a work requirement. The work requirement for holiday pay and date of employment requirement for vacation rights were not satisfied by the plaintiffs.

The United States Court of Appeals for the Ninth Circuit, in its pre-*Accardi* opinion,[3] held that the rights of plaintiff-veterans to vacation and holiday pay were "other benefits" limited by the provisions of the collective bargaining agreement as to work requirements and dates of employment. Post-*Accardi*, that court denied a petition for rehearing. Its judgment was reversed by the Supreme Court without opinion. A dissenting opinion reveals that three of the Justices believed that only length of vacation and amount of vacation pay were matters of seniority and that eligibility for vacation was one of the "other benefits" subject to the provisions of the collective bargaining agreement. In reversing, the majority rejected that position and, in our opinion, rejected any distinction in the nature of vacation rights insofar as eligibility for and amount of vacation is concerned. As we read *Eagar*, it held that vacation rights are perquisites of seniority which cannot, under § 459, be limited by the provisions of the defendant's collective bargaining agreement. This ruling is consistent with such cases as Morton v. Gulf, Mobile and Ohio Railroad Company, 405 F.2d 415 (8th Cir. 1969) and Kelly v. Chicago, Rock Island and Pacific Railroad Company, 293 F.Supp. 423 (W.D.Okl., 1968).

There are admittedly many cases which support the defendant's position that work requirements regarding vacation rights contained in a collective bargaining agreement can be legally enforced to the detriment of a returning veteran.[4] Those cases examine the collective bargaining agreements involved to determine whether they create vacation rights which can be considered perquisites of seniority, and base their rulings on the provisions of those agreements. We believe, however, that *Eagar*, in holding that vacation benefits are perquisites of seniority, dictates that resort cannot be had to the collective bargaining agreement to determine the nature of those benefits.

After considering the arguments of counsel we are satisfied that the vacation pay here claimed is a perquisite of seniority, to which the plaintiffs are entitled despite the provisions of the collective bargaining agreement concerning vacation rights of the defendant's employees.

---

3. Magma Copper Company, San Manuel Division v. Eagar, 380 F.2d 318.

4. See, for example, Connett v. Automatic Electric Company, 323 F.Supp. 1373 (N.D.Ill., E.D.1971) and Dugger v. Missouri Pacific Railroad Company, 276 F. Supp. 496 (S.D.Tex.1967) affirmed 403 F.2d 719, (5 Cir.), cert. denied 395 U.S. 907, 89 S.Ct. 1752, 23 L.Ed.2d 222.