John E. KIND

v.

**PENN CENTRAL TRANSPORTATION COMPANY, a corporation.**

Civ. A. No. 74-45.

United States District Court,
E. D. Pennsylvania.

March 18, 1975.

Sidney Salkin, Philadelphia, Pa., for plaintiff.

Hermon M. Wells, Philadelphia, Pa., for defendant.

## OPINION

FOGEL, District Judge.

This action, brought by John E. Kind against his employer, the Penn Central Transportation Company, (Penn Central),[1] presents the recurring problem of a returning veteran's eligibility for vacation benefits when he has failed to fulfill a "compensated service" requirement imposed by the applicable collective bargaining agreement.[2]

All material facts have been stipulated by the parties, who agree that the case may be decided on cross motions for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.[3] The pertinent facts may be summarized as follows:

Kind was first employed by Penn Central on or about May 20, 1969. Thereafter, he left his job as an electrician mechanic, a position which was other than temporary, because he was inducted into the armed forces of the United States on or about December 6, 1969. He remained in military service until November 24, 1971, when he was honorably discharged, and received a certificate of satisfactory completion of training and service, pursuant to 50 U.S.C. App. § 459(a). After discharge, Kind made timely application for restoration to his pre-service employment, and was reinstated in his former post on or about December 1, 1971. During the remainder of calendar year 1971, he rendered

---

1. Kind's claim is a post-bankruptcy matter. The attorneys for the trustees have received general instructions from the Bankruptcy Court not to interpose Order No. 1, C.A.No. 70–347, in employee or labor matters such as the instant litigation, and not to bring these matters formally before the Bankruptcy Judge unless the litigation could have a substantial impact on the reorganization proceedings. See letter from Hermon M. Wells, Esq. to the Court, dated September 16, 1974.

2. Plaintiff's complaint was initiated pursuant to certain provisions of the Military Selective Service Act of 1967, as amended, 50 U.S.C. App. § 459. The Vietnam Era Veterans' Readjustment Assistance Act of 1974, Pub.L. 93–508, 88 Stat. 1578 (December 3, 1974), recodified those provisions in 38 U.S. C. § 2021. The portions of the statute which are pertinent to the instant case were re-enacted without substantial change.

3. Stipulation, ¶ 24.

compensated service on twenty-three days.

■ Penn Central denied vacation benefits to Kind for the years 1971 and 1972; it did so on the basis that the national vacation agreement between the railroad and certain labor unions, which was controlling as to Kind as a member of a class of employees represented by the International Brotherhood of Electrical Workers (IBEW), did not entitle him to a paid vacation in either year. That contract provided vacation benefits only for those employees who had satisfied a "compensated service" requirement in the *preceding* calendar year. The pertinent language follows: [4]

> Effective with the calendar year 1968, an annual vacation of ten (10) consecutive work days with pay will be granted to each employee covered by this Agreement who renders compensated service on not less than one hundred ten (110) days during the preceding calendar year and who has two (2) or more years of continuous service and who, during such period of continuous service renders compensated service on not less than one hundred ten (110) days * * * in each of two (2) of such years, not necessarily consecutive.

Because Kind did not render any compensated service in 1970, and gave such compensated service only on twenty-three days in 1971, he was ineligible for a vacation with pay under the terms of this agreement until 1973.[5]

Kind now argues, however, that notwithstanding any contractual provisions to the contrary, the vacation benefits which he claims for the years 1971 and 1972 are perquisites of seniority, and as such, are statutorily protected rights of a returning veteran. In support of this claim, he cites Accardi v. Pennsylvania R. Co., 383 U.S. 225, 86 S.Ct. 768, 15 L. Ed.2d 717 (1966), and Eager v. Magma Copper Company, 389 U.S. 323, 88 S.Ct. 503, 19 L.Ed.2d 557 (1967).

We reviewed the development of the law in this area *in extenso* in Dufner v. Penn Central Transportation Company, 374 F.Supp. 979, 986–994 (E.D.Pa.1974), and consider it unnecessary to repeat that discussion in the instant case. With respect to the validity of a "compensated service" requirement of the type here in question, we noted:

> * * * If the compensated service requirement is nominal * * * or relatively insubstantial, the benefits are held to automatically accrue with the passage of time and are protected. If, on the other hand, the compensated work requirement is substantial * * * then, because something more than the mere passage of time is required for eligibility, the benefits will not receive the protection of the Act.

*Id.*, 374 F.Supp. at 994 (footnote omitted).

In *Dufner*, we expressly relied upon the rationale of the decision in Kasmeier v. Chicago, Rock Island and Pacific Railroad Co., 437 F.2d 151 (10th Cir. 1971). In that case, a 110 day "compensated service" requirement, a time span which coincides with the requirement in this

4. Article I, Paragraph (b) of the Vacation Agreement of December 17, 1941, Between Certain Eastern, Western, and Southeastern Carriers and their Employees Represented by the Fourteen Cooperating Railroad Labor Organizations, as amended, found in Exhibits A through D of the Stipulation filed by the parties in the instant case. The language quoted above is contained in the Mediation Agreement, Case No. A–8488, dated September 2, 1969.

5. Kind was, however, eligible for a paid vacation in 1970, under another provision of the agreement, based upon his service in 1969. In December of 1970, while in the armed forces, he received vacation pay in the amount of $172.00. Stipulation, ¶ 10. Penn Central does not contend that Kind's tenure in the armed forces should be excluded in computing "continuous service" within the meaning of the above quoted provision of the agreement. The railroad concedes that time in the military must be counted as part of an employee's "years of continuous service", both under the agreement and according to the relevant case law. Stipulation, ¶ 15.

case, was held to be substantial, with the result that the associated vacation benefits were held to be beyond the zone of protection established by the statute for "seniority" rights. See also Dugger v. Missouri Pac. R. R., 276 F.Supp. 496, (S.D.Tex.1967), aff'd 403 F.2d 719 (5th Cir. 1968), cert. den. 395 U.S. 907, 89 S. Ct. 1752, 23 L.Ed.2d 222 (1969).

Kind contends, however, that the "compensated service" requirement under the pertinent vacation agreement, although admittedly substantial on its face, must be construed in light of a long-standing interpretation of that agreement by a distinguished referee, the late Senator Wayne Morse, who ruled in 1942, that a day of compensated service, for the purpose of vacation eligibility in any work year, is any work shift during which an employee performs *any* service and receives *any* compensation, irrespective of the length of time worked and the amount of compensation paid.[6] To this effect, the parties have stipulated, "it is possible for * * * employees to complete two or more work days in one calendar day by performing any service and receiving any compensation in two or more shifts or tours of duty in one and the same calendar day," and, further, "[i]t is theoretically possible for any of defendant's employees, including the plaintiff, to receive the same vacation benefits regardless of whether they render compensated service consisting of one hour or less in each work day; or, render compensated service of a total of 880 hours or more consisting of a full 8-hour shift in each of 110 calendar days."[7]

Plaintiff contends that these provisions of the vacation agreement, as interpreted by the referee, permit the "bizarre results" condemned by the Court in *Accardi, supra,* 383 U.S. at 230, 86 S.

Ct. 768. Defendant, of course, disputes this.

Whatever question may have existed about the correct resolution of this problem, was conclusively answered by the Supreme Court's rejection of just such a contention in Foster v. Dravo Corporation, 420 U.S. 92, 95 S.Ct. 879, 43 L. Ed.2d 44 (1975), a decision which was rendered after the case at bar had been argued. Writing for a unanimous Court, Mr. Justice Marshall stated:[8]

> Petitioner argues that under *Accardi* and *Eagar* the vacation benefits in this case must be granted to him as a returning serviceman because the entitlement to a vacation is not closely correlated to the amount of work actually performed by the employee. Under the collective-bargaining agreement, a Dravo employee theoretically could earn full vacation benefits by doing as little as one hour's work in each of 25 weeks during the year. From this, petitioner concludes that the agreement really conditions vacation benefits only on continued employment, and that Dravo therefore could not legally deny him full vacation benefits for either 1967 or 1968.

> This approach would extend the statute well beyond the limits set out in our prior cases. Generally, the presence of a work requirement is strong evidence that the benefit in question was intended as a form of compensation. Of course, as in the *Accardi* case, the work requirement may be so insubstantial that it appears plainly designed to measure time on the payroll rather than hours on the job; in that event, the Act requires that the benefit be granted to returning veterans. But where the work requirement constitutes a bona fide effort to compensate for work ac-

6. Award of Referee in the Matter of a Controversy Between the Fourteen Cooperating Railroad Labor Organizations and The Carriers involving Interpretation and Application of the Vacation Agreement of December 17, 1941, Washington, D. C., November 12, 1942. See Exhibit A to the Stipulation, pp. 38–43.

7. Stipulation, ¶ 20.

8. Mr. Justice Douglas took no part in the consideration or decision of the case.

tually performed, the fact that it correlates only loosely with the benefit is not enough to invoke the statutory guarantee.

We agree with the Court of Appeals that, unlike the severance payments in *Accardi*, the vacation benefits in this case were intended as a form of short-term compensation for work performed. Although Dravo employees who work for 25 weeks receive the same paid vacation rights as those who work a full year, the collective-bargaining agreement provides additional vacation credit for employees who work overtime for a substantial period. The benefits under the overtime vacation provision increase with the amount of overtime worked. In addition, the agreement provides that if an employee is laid off during the year and does not work the requisite 25 weeks, he will be awarded vacation benefits on a pro rata basis.

These provisions lend substantial support to respondent's claim that the vacation scheme was intended as a form of deferred compensation. Petitioner's observation that an employee could in theory earn a vacation under the collective-bargaining agreement with only a few carefully spaced hours of work is not enough to rebut the plain indication that a full vacation was intended in most cases to be awarded for a full year's work.

On petitioner's theory of the case, the company would be required to provide full vacation benefits to a returning serviceman if he worked no more than one week in each year; indeed, following this approach to its logical limits, a veteran who served in the armed forces for four years would be entitled to accumulated vacation benefits for all four years upon his return. This result is so sharply inconsistent with the common conception of a vacation as a reward for and respite from a lengthy period of labor that the

statute should be applied only where it clearly appears that vacations were intended to accrue automatically as a function of continued association with the company. Since no such showing was made here, and since petitioner has not met the bona fide work requirement in the collective-bargaining agreement, we conclude that § 9 did not guarantee him full vacation rights for the two years in question.

*Id.,* 420 U.S. at 99, 95 S.Ct. at 884 (footnotes omitted).

■ Under the standard of Foster v. Dravo Corporation, therefore, we must reject plaintiff's contention unless "it clearly appears that vacations were intended to accrue automatically as a function of continued association with the company." We hold that vacations were not so intended under the applicable agreement, and that the vacation benefits here at issue are not protected by the "seniority" provisions of the statute.

*First,* we note that even under plaintiff's "theoretical" calculation of the compensated work requirement, an employee is required to be *present* at work —even though for less than a full eight hours—on 110 *separate* work shifts. That requirement alone distinguishes this case from *Dufner, supra,* in which the "compensated service" requirement could be satisfied by presence at work for a total of one hour or less.

*Second,* there is a provision in the applicable collective bargaining agreement which requires the Penn Central to maintain a normal work week of forty hours, consisting of five days of eight hours each.[9] If forces are to be reduced, reductions must be effected by means of furloughing employees and through job elimination; indeed, the agreement specifically prohibits a reduction below forty hours per week for individual employees.[10] Therefore, while a work force may be reduced, Penn Central cannot achieve that result by putting entire complements on shorter

9. Agreement Entered Into by and between the Pennsylvania Railroad Company and * * * System Federation, 152, Rule 5–A–1.

10. *Ibid.,* Rule 3–D–1.

shifts. It is clear that the normal work week for one in the class or craft to which plaintiff belongs is a forty hour week consisting of five days of eight hours each.

*Third,* even if employees are on a "call" situation, Penn Central is required to pay a minimum of three hours at the straight time rate, regardless of how short a period the employee actually works.[11] Thus, even if we posit plaintiff's hypothetical mathematics, in which an employee works for one hour or less on 110 separate work shifts, an unlikely contingency, the railroad must still pay for a minimum of 330 hours of work at the straight time rate. Such a work requirement is in fact substantial.

Plaintiff argues that the validity of the "compensated service" requirement is undercut by a provision in the vacation agreement which includes in the computation of compensated service those days which are lost due to sickness or injury.[12] The Court of Appeals for the Third Circuit recently considered and rejected such a contention in Litwicki v. Pittsburgh Plate Glass Industries, Inc., 505 F.2d 189, 193 (3d Cir. 1974) :

> We do not believe that the basic intent of the pension agreement is altered materially by the provisions which credit an employee with "continuous service" while absent from work. The exception for jury duty, by its very nature, can provide "continuous service" credit only during infrequent and generally short periods of absence. The exceptions to the work requirement which give credit for holding specified union offices, military service, and absence caused by work-related injury or disease provide a relatively small proportion of the total "continuous service" credit earned. Far more pervasive exceptions would be necessary to undermine the substantial work requirement embodied in this pension agreement.

We agree with the Court in *Litwicki* that "far more pervasive exceptions would be necessary to undermine the substantial work requirement embodied in this [vacation] agreement."

Under all of the circumstances of this case, we conclude that the work requirement under the agreement is "a bona fide effort to compensate for work actually performed," Foster v. Dravo Corporation, *supra,* 420 U.S. at 99, 95 S.Ct. at 884, and that the related vacation benefits were not intended to accrue automatically as a function of continued association with the Penn Central. As such, these benefits are not guaranteed by the "seniority" provisions of the statute. Since Kind has not fulfilled this bona fide work requirement, his claimed vacation benefits must be denied.

For the reasons stated above, the motion for summary judgment filed by plaintiff John E. Kind will be denied, and summary judgment will be entered in favor of defendant Penn Central.

---

11.  *Ibid.,* Rules 4–A–2, 4–D–1, 4–L–2.

12.  Agreement of September 27, 1967, Article I, Section 1(g) ; see Exhibit B to the Stipulation.