Donald S. AIELLO, Plaintiff-Appellee,

v.

DETROIT FREE PRESS, INC., Defendant-Appellant.

Carl L. BRISCOE, Plaintiff-Appellee,

v.

DETROIT FREE PRESS, INC., Defendant-Appellant.

Nos. 76–1822 and 76–1823.

United States Court of Appeals, Sixth Circuit.

Argued Oct. 17, 1977.

Decided Jan. 27, 1978.

Kenneth Murray, Brownson Murray, Detroit, Mich., for defendant-appellant.

James K. Robinson, U. S. Atty., Gwenn L. Carr, Detroit, Mich., William H. Berger, Dept. of Labor, Washington, D. C., William H. Berger, U. S. Dept. of Labor, Atlanta, Ga., for plaintiffs-appellees.

Before PHILLIPS, Chief Judge, ENGEL, Circuit Judge, and LAMBROS, District Judge.*

PHILLIPS, Chief Judge.

The issue on this appeal is whether two returning servicemen are entitled to receive vacation pay from their employer while they were on leave of absence in the armed forces. Upon cross-motion for summary judgment, the district court granted the motion of appellees Donald S. Aiello and Carl L. Briscoe, ruling that Aiello was entitled to $1,192.30 and Briscoe to $794.80 in vacation pay. Interest at six per cent per annum also was awarded from the dates the amounts became due until March 1, 1976. *United States v. Detroit Free Press, Inc.,* 397 F.Supp. 1401 (E.D.Mich.1974).

The employer appeals. We reverse.

The facts are stipulated. Aiello was employed initially by Detroit Free Press on March 20, 1967, and worked as a full-time employee until February 3, 1969, when his employer gave him a leave of absence to enter the armed forces. After serving in the military from February 14, 1967, to April 6, 1971, Aiello re-entered appellant's employ on May 10, 1971. In 1972, appellant allowed Aiello vacation pay for 14 days based upon his employment from May 10, 1971, through the end of 1971. The district court awarded Aiello additional vacation pay for the time he served in the military during 1971 as well as vacation pay for the year 1970. Aiello does not claim vacation pay while he served in the military during the years 1967, 1968 and 1969.

Carl L. Briscoe began full-time employment with Detroit Free Press on March 8, 1969, and worked until April 22, 1970, when appellant gave Briscoe a leave of absence to enter the armed forces. Briscoe served in the military from April 30, 1970, until November 25, 1971. He re-entered employment with appellant on November 29, 1971. Briscoe received vacation pay from his employer only for time worked in 1970 and 1971 while in the employ of appellant. The district court ordered appellant to pay Briscoe for vacation days during 1970 and 1971 that he had served · in military service.

I

The action was filed under § 9 of the Military Selective Service Act, 50 U.S.C.

---

* Honorable Thomas D. Lambros, Judge, United States District Court for the Northern District of Ohio, sitting by designation.

App. § 459.[1] This statute confers upon a returning serviceman the right to be restored to his former job or to a position of like seniority and pay. He is expressly protected from loss of seniority. The sense of the Congress is declared to be that the veteran must be restored to his former position "in such manner as to give him such status in his employment as he would have enjoyed if he had continued in such employment continuously from the time of his entering the armed forces until the time of his restoration to such employment." 50 U.S.C. App. § 459(c)(2). In *Accardi v. Pennsylvania R.R.*, 383 U.S. 225, 228, 86 S.Ct. 768, 771, 15 L.Ed.2d 717 (1966), the

[1] § 459. Separation from service.

(b) **Reemployment rights**

In the case of any such person who, in order to perform such training and service, has left or leaves a position (other than a temporary position) in the employ of any employer and who (1) receives such certificate, and (2) makes application for reemployment within ninety days after he is relieved from such training and service or from hospitalization continuing after discharge for a period of not more than one year—

(A) if such position was in the employ of the United States Government, its Territories, or possessions, or political subdivisions thereof, or the District of Columbia, such person shall—

(i) if still qualified to perform the duties of such position, be restored to such position or to a position of like seniority, status, and pay; or

(ii) if not qualified to perform the duties of such position by reason of disability sustained during such service but qualified to perform the duties of any other position in the employ of the employer, be restored to such other position the duties of which he is qualified to perform as will provide him like seniority, status, and pay, or the nearest approximation thereof consistent with the circumstances in his case;

(B) if such position was in the employ of a private employer, such person shall—

(i) if still qualified to perform the duties of such position, be restored by such employer or his successor in interest to such position or to a position of like seniority, status, and pay; or

(ii) if not qualified to perform the duties of such position by reason of disability sustained during such service but qualified to perform the duties of any other position in the employ of such employer or his successor in interest, be restored by such employer or his successor in interest to such other position the duties of which he is qualified to perform as will provide him like seniority, status, and pay, or the nearest approximation thereof consistent with the circumstances in his case,

unless the employer's circumstances have so changed as to make it impossible or unreasonable to do so;

(C) if such position was in the employ of any State or political subdivision thereof, it is declared to be the sense of the Congress that such person should—

(i) if still qualified to perform the duties of such position, be restored to such position or to a position of like seniority, status, and pay; or

(ii) if not qualified to perform the duties of such position by reason of disability sustained during such service but qualified to perform the duties of any other position in the employ of the employer, be restored to such other position the duties of which he is qualified to perform as will provide him like seniority, status, and pay, or the nearest approximation thereof consistent with the circumstances in his case.

(c) **Service considered as furlough or leave of absence**

(1) Any person who is restored to a position in accordance with the provisions of paragraph (A) or (B) of subsection (b) [of this section] shall be considered as having been on furlough or leave of absence during his period of training and service in the armed forces, shall be so restored without loss of seniority, shall be entitled to participate in insurance or other benefits offered by the employer pursuant to established rules and practices relating to employees on furlough or leave of absence in effect with the employer at the time such person was inducted into such forces, and shall not be discharged from such position without cause within one year after such restoration.

(2) It is declared to be the sense of the Congress that any person who is restored to a position in accordance with the provisions of paragraph (A) or (B) of subsection (b) [of this section] should be so restored in such manner as to give him such status in his employment as he would have enjoyed if he had continued in such employment continuously from the time of his entering the armed forces until the time of his restoration to such employment.

(3) Any person who holds a position described in paragraph (A) or (B) of subsection (b) [of this section] shall not be denied retention in employment or any promotion or other incident or advantage of employment because of any obligation as a member of a reserve component of the Armed Forces of the United States.

Supreme Court said: "This means that for the purpose of determining seniority the returning veteran is to be treated as though he has been continuously employed during the period spent in the armed forces." *See also Eagar v. Magma Cooper Co.*, 389 U.S. 323, 88 S.Ct. 503, 19 L.Ed.2d 557 (1967).

This does not necessarily mean, however, that appellant was required under the statute to pay Aiello and Briscoe for vacation during periods when they were not in its employ because of military service. In *Foster v. Dravo Corp.*, 420 U.S. 92, 95 S.Ct. 879, 43 L.Ed.2d 44 (1975), the Supreme Court held that the statute does not entitle a veteran to vacation benefits when, because of his departure for military service, he failed to satisfy a substantial work requirement upon which vacation benefits are conditioned.

## II

■ The district court correctly held that whether appellees are entitled to vacation pay is determined by the nature of vacation benefits conferred by the collective bargaining agreement. *Foster v. Dravo Corp.*, 490 F.2d 55, 61 (3 Cir. 1973), *aff'd*, 420 U.S. 92, 95 S.Ct. 879, 43 L.Ed.2d 44 (1975); *Dugger v. Missouri Pac. R.R.*, 403 F.2d 719 (5th Cir. 1968), *cert. denied*, 394 U.S. 907, 89 S.Ct. 1752, 23 L.Ed.2d 222 (1969). We conclude, however, that the interpretation placed upon the agreement by

**2.** *Article IV.* Vacations shall be on the basis of eligibility as follows:

*Section 1.* Regular full-time employees who have completed the following periods of continuous service by December 31 of the preceding calendar year shall be entitled to vacations as follows:

| Period of service | Vacation |
|---|---|
| 1 year but less than 3 years | 2 weeks |
| 3 years but less than 5 years | 3 weeks |
| 5 years or more | 4 weeks |

*Section 2.* Regular full-time employees who will have completed less than one (1) year of continuous service by December 31 of the preceding calendar year, and part-time, temporary or extra employees shall accumulate vacation credits in the preceding calendar year to be liquidated in the following calendar year as follows:

the district court cannot be sustained under *Foster v. Dravo Corp., supra*, 420 U.S. 92, 95 S.Ct. 879, 43 L.Ed.2d 44.

Article IV of the Collective Bargaining Agreement[2] between Detroit Free Press and its employees governs eligibility for vacation benefits. Section one specifies the number of weeks a "regular full-time" employee receives for vacation based upon the number of years the employee has been employed in "continuous service." Section two governs vacation benefits for regular full-time employees who complete "less than one (1) year of continuous service" and also employees who are part-time or temporary. Section six provides that a "regular employee on leave of absence" shall accrue vacation time only "for the time actually worked during the year or years in which the leave is taken."

Under the controlling decisions herein cited construing the statute,[3] the rights of a returning veteran to benefits are determined by the following standard: He is entitled to benefits which automatically would have accrued to him if he had remained in the continuous service of his employer. He is not entitled to benefits which require more than continued status, such as a work requirement demanding actual performance on the job.

In *Alabama Power Co. v. Davis*, 431 U.S. 581, 589, 97 S.Ct. 2002, 2007, 52 L.Ed.2d 595 (1977), the Supreme Court said:

| Period Worked | Vacation |
|---|---|
| 208 hours straight time | 1 day |

Thereafter, one (1) day for each subsequent two hundred eight (208) straight-time hours or major fraction worked.

Employees who have not been full-time workers during their employment period, but who have been available at all times for work can accumulate credits for a three (3)-week vacation in the following manner: Each year represents 2,080 straight-time hours. When these employees have worked 6,240 straight-time hours, they will be eligible for a three (3)-week vacation.

\* \* \* \* \* \*

*Section 6.* A regular employee on leave of absence shall only accumulate vacation credits on a pro-rata basis for the time actually worked during the year or years in which the leave is taken.

**3.** See n. 1, *supra*.

If the benefit would have accrued, with reasonable certainty, had the veteran been continuously employed by the private employer, and if it is in the nature of a reward for length of service, it is a 'perquisite of seniority.' If, on the other hand, the veteran's right to the benefit at the time he entered the military was subject to a significant contingency, or if the benefit is in the nature of short term compensation for services rendered, it is not an aspect of seniority within the coverage of § 9.

In *Foster* the Court held that the vacation benefits there under consideration "were intended as a form of short-term compensation for work performed." 420 U.S. at 100, 95 S.Ct. at 884. The Court commented that the contention that a veteran is entitled to accumulate vacation benefits from his non-military employer while serving in the armed forces "is so sharply inconsistent with the common conception of a vacation as a reward for and respite from a lengthy period of labor that the statute should be applied only where it clearly appears that vacations were intended to accrue automatically as a function of continued association with the company." 420 U.S. at 101, 95 S.Ct. at 884.

In *United States ex rel. Adams v. General Motors Corp.*, 525 F.2d 161, 166 (6th Cir. 1975), this court cited *Foster* and recognized that in appropriate circumstances § 9 of the Act is not violated by the refusal of an employer to grant full vacation benefits to a serviceman for the years he spent in military service.

The district court correctly held that §§ 2 and 6 of the agreement in the present case establish a work requirement while § 1 does not. Section 1 governs the length of an employee's vacation based upon the number of years he has served continuously with the employer. Appellant credited Aiello and Briscoe with time served in the military in computing the length of vacations. Accordingly, appellant paid Aiello a pro rata share of four weeks for 1970 and 1971 be-

cause he had been in the "continuous service" of his employer more than five years. Aiello received no vacation pay in 1971 since he had not worked in appellant's employ during 1970, but he received 14 days vacation pay in 1972 based upon time he had worked for appellant in 1971. Briscoe was paid a pro rata share of two weeks for 1970 and 1971 based upon "continuous service" of one year but less than three years. This resulted in three days of vacation pay in 1971 based upon the time he had worked in 1970 and one day of paid vacation in 1972 based upon the time he had worked for appellant in 1971.

Section 6 of the agreement clearly establishes a work requirement because an employee on leave of absence for any reason, whether military or non-military, receives vacation benefits on a "pro-rata basis for the time actually worked during the year or years in which the leave is taken." This is a substantial work requirement since it correlates the vacation benefits to the amount of work actually performed by the employee. If no work is done, the § 6 pro rata work requirement generates no vacation benefit; if an insubstantial amount of work is performed, § 6 generates only an insubstantial vacation benefit.[4]

The Supreme Court made clear in *Foster* that the Act "requires that vacation benefits be granted to returning veterans on the same basis as they are to those on furlough or leave of absence . . . ." 420 U.S. at 102 n. 10, 95 S.Ct. at 885.

In *Jackson v. Beech Aircraft Corp.*, 517 F.2d 1322 (10th Cir. 1975), the Tenth Circuit, in examining its earlier decision, *Kasmeier v. Chicago Rock Island & Pac. R.R.*, 437 F.2d 151 (10th Cir. 1971), said:

[W]e observed that the Act does not preclude provisions in collective bargaining agreements which impose legitimate, uniformly applied compensated work day requirements as conditions precedent to vacation benefits and we held that the vacation rights there involved did not consti-

4. Although § 2 of Art. IV contains a work requirement, it is inapplicable to the present case since both Aiello and Briscoe worked more than one year as full-time employees.

tute a perquisite of 'seniority,' as that term is used in the Act. 517 F.2d at 1326.

More recently in *Lipani v. Bohack Corp.*, 546 F.2d 487, 491 (2d Cir. 1976), the Second Circuit, speaking through Judge Lumbard, held that veterans returning from military service were not entitled to vacation benefits because the bargaining agreement computed such benefits on the basis of work performed. The court said:

> The Act requires only that an employer give to a returning serviceman the same treatment he would give to an employee on a leave of absence or a furlough. . . [I]t is clear that the Act was not intended to place returning servicemen in a better position than other employees. (citations omitted).

We conclude that, under the terms of the collective bargaining agreement, eligibility for vacation pay benefits required more than continued status; they were conditioned upon a work requirement demanding actual performance on the job.

The judgment of the district court is reversed. No costs are taxed. The parties will bear their own costs on this appeal.