David E. CARMAN

v.

The UNITED STATES.

No. 51–78.

United States Court of Claims.

July 18, 1979.

Alan E. Wolin, Mineola, N. Y., for plaintiff. Jack B. Solerwitz, Mineola, N. Y., attorney of record.

Donnie Hoover, Washington, D. C., with whom was Asst. Atty. Gen. Barbara Allen Babcock, Washington, D. C., for defendant. Lynn J. Bush, Washington, D. C., of counsel.

Before DAVIS, KASHIWA and BENNETT, Judges.

ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DEFENDANT'S CROSS–MOTION FOR SUMMARY JUDGMENT

BENNETT, Judge:

This civilian pay case comes before the court on the motions of the parties for summary judgment. Plaintiff is now employed as a special agent with the Federal Bureau of Investigation. He initially served with the FBI from June 23, 1969, until January 22, 1971, at which time he resigned to enlist in the United States Army. After completion of approximately 3 years of military service, plaintiff requested and received reinstatement as a special agent on February 14, 1974. He was reinstated in grade GS–10, step 4, thereby giving him the benefit of two within-in-grade increases which he would have received had he remained in continuous employment with the FBI.

Plaintiff would have been eligible to be considered for promotion to GS–11 on June 23, 1971, in accordance with Bureau policy that a special agent is to be so considered after 2 years of satisfactory service in grade GS–10. His promotion was not granted, although it was considered in 1971. Instead, it was recommended that plaintiff be considered for promotion to GS–11 sixty days after his reinstatement. He was, in fact, promoted to GS–11, step 3, on April 14, 1974, approximately 60 days after his return to duty with the FBI. Plaintiff unsuccessfully sought relief from his agency. It is his contention that he should have been promoted one grade level upon his reinstatement to the FBI, pursuant to 50 U.S.C.App. § 459 (1970). Further, plaintiff's motion alleges that it has been the consistent practice of the FBI to make regular promotions of special agents with satisfactory performance records such as his. Defendant, on the other hand, gives us authority that promotions are not regular or ministerial but discretionary, and that this is reflected by the FBI procedural manuals.

■ We are uncomfortable with the meager evidence we have before us on these motions as to the plaintiff's legal entitlement to promotion because we are unclear what was, in fact, the actual practice of the FBI as to the normal promotion of special agents with satisfactory records, as contrasted to what the manuals would have us believe. This conflicting factual issue can be clarified by a remand to the trial division to develop the facts on this issue.

Plaintiff also claims that he is entitled, under section 459, to credit for sick leave accrued during the period of his military service. Defendant asserts that this court lacks jurisdiction over this claim, and, alternatively, that plaintiff is not entitled to credit for such leave on the merits of the case. We conclude that this court does have jurisdiction but hold for defendant on the merits.

■ There is no question that if plaintiff's sick leave were the sole claim before the court, we would not have jurisdiction over it. Sick leave is credited to an employee's account on the basis of a certain amount of leave per pay period. 5 U.S.C. § 6307. The mere crediting of sick leave to an employee's account, however, confers no present right to payment, but, instead, only confers the right to the continuation of pay and employment benefits upon absence due to illness and potential credit for retirement benefits. As this case comes before the court, there is no allegation that plaintiff has been absent due to illness and that the FBI has failed to pay him because the agency has unlawfully failed to credit his account with the proper amount of sick leave. Where no money damages are presently due and owing, this court does not have jurisdiction over such a claim standing alone, *Jankovic v. United States*, 204 Ct.Cl. 807 (1974), for any judgment would be in the nature of a declaratory judgment which this court has no power to grant in this situation. *United States v. King*, 395 U.S. 1, 89 S.Ct. 1501, 23 L.Ed.2d 52 (1969).

■ This court then lacks jurisdiction over this claim unless it can be sustained as an incident to our granting a judgment under 28 U.S.C. § 1491. That statute provides:

\* \* \* To provide an entire remedy and to complete the relief afforded by the judgment, the court may, as an incident of and collateral to any such judgment, issue orders directing restoration to office or position, placement in appropriate duty or retirement status, and correction of applicable records, and such orders may be issued to any appropriate official of the United States. \* \* \*

The resolution of plaintiff's sick leave claim and the granting of the necessary relief are clearly within our mandate if a proper nexus exists between the back pay claim and the sick leave claim.

Both claims concern plaintiff's entitlement to certain benefits under the same statute, 50 U.S.C.App. § 459 (1970). Both have arisen on account of the same event, plaintiff's departure from and return to civilian Government employment with the FBI. Also, the basic facts are shared. The sick leave claim rides with plaintiff's back pay claim for money allegedly due on account of defendant's alleged error about his legal entitlement to promotion. It is true that plaintiff's entitlement to benefits may differ on account of the particular benefit's nature. The legal basis upon which entitlement is determined, however, is the same. Therefore, we conclude that a sufficient nexus exists and that this court has jurisdiction over the sick leave claim under the circumstances of this case.

■ Plaintiff's claim for accrued sick leave does not depend on any facts in dispute and is ripe for summary judgment. There is the further question, however, whether the court should decide the issue at this time or await determination of plaintiff's claim for back pay. We note that there is no legal or factual issue yet to be resolved involving the back pay claim that will affect plaintiff's sick leave claim except for the legal conclusion that plaintiff is a proper party to claim the protections asserted under section 459. Such conclusion, however, is implicitly contained in our denial of defendant's cross-motion for summary judgment on the back pay claim. Though we have absolutely no inkling concerning the outcome of plaintiff's claim for back pay at this point, plaintiff, we believe, has raised a substantial, nonfrivolous claim for money damages sufficient to sustain consideration of the sick leave issue. We think that it is conducive to judicial economy to decide the issue at this time.

■ Under 50 U.S.C.App. § 459 (1970), a person who has left a position with the Federal Government, upon returning from service with the Armed Forces, shall "if still qualified to perform the duties of such position, be restored to such position or to a position of like seniority, status, and pay \* \* \*." 50 U.S.C.App. § 459(b)(A)(i) (1970). The statute further provides at section 459(c)(1) and (2) that such person:

\* \* \* shall be considered as having been on furlough or leave of absence during his period of training and service in the armed forces, shall be so restored without loss of seniority, shall be entitled to participate in insurance or other benefits offered by the employer pursuant to established rules and practices relating to employees on furlough or leave of absence in effect with the employer at the time such person was inducted into such forces, \* \* \*

and:

\* \* \* should be so restored in such manner as to give him such status in his employment as he would have enjoyed if he had continued in such employment continuously from the time of his entering the armed forces until the time of his restoration to such employment.

The Supreme Court has, on several occasions, dealt with the question of whether a returning serviceman is entitled to certain benefits. *See Foster v. Dravo Corp.,* 420 U.S. 92, 95 S.Ct. 879, 43 L.Ed.2d 44 (1975); *Eagar v. Magma Copper Co.,* 389 U.S. 323, 88 S.Ct. 503, 19 L.Ed.2d 557 (1967); *Accardi v. Pennsylvania R. R.,* 383 U.S. 225, 86 S.Ct. 768, 15 L.Ed.2d 717 (1966). Allowance of a benefit depends on whether it is more in the nature of compensation for work actually performed or is due more to mere continued association with a particular employer.

As to whether a serviceman, returning to his old employment, is entitled to credit for sick leave for periods while in military service, courts have differed as to the results. *See LiPani v. Bohack Corp.*, 546 F.2d 487 (2d Cir. 1976) (is not entitled); *Jackson v. Beech Aircraft Corp.*, 517 F.2d 1322 (10th Cir. 1975) (same). *But see Nichols v. Kansas City Power & Light Co.*, 391 F.Supp. 833 (W.D.Mo.1975) (is entitled). These cases, however, did not deal with servicemen returning to *federal* employment, and it is generally accepted that entitlement to a particular benefit may vary on account of the unique facts pertinent to a particular employee-employer relation. We conclude, however, that the reasoning expressed in both *LiPani* and *Jackson* is applicable to the nature of sick leave in the federal employment situation as outlined below.

5 U.S.C. § 6307 provides the basic entitlement to sick leave for federal employees as follows:

> An employee is entitled to sick leave with pay which accrues on the basis of one-half day for each full biweekly pay period, * * *

On the basis of the statute, sick leave is credited to an employee's account on the basis of each full pay period. The administrative interpretation of this statute is that sick leave is earned by the performance of services:

> * * * A full-time employee earns leave during each full biweekly pay period while in a pay status or in a combination of a pay status and a nonpay status. [5 C.F.R. § 630.202(a) (1978).]

Of course, an employee, while on military duty or on a leave of absence, is in a nonpay status for each full biweekly pay period he is absent.

It is further provided:

> An employee who is in a nonpay status for his entire leave year does not earn leave. [5 C.F.R. § 630.208(b) (1978).]

Finally, 5 C.F.R. § 630.504 (1978), which deals with the reestablishment of leave accounts upon return from military service, does not provide for the crediting of sick leave for periods of military service. We conclude that this regulation has correctly determined the rights of returning servicemen to sick leave benefits and is determinative.

## CONCLUSION

Upon consideration of the motions, briefs, affidavits, other submissions, and oral argument, plaintiff's motion for summary judgment on the sick leave claim is denied, and defendant's cross-motion is granted. The petition as to this part of the claim is dismissed. As to plaintiff's claim for promotion and back pay, both parties' motions are denied without prejudice, and the case is remanded to the trial division for further proceedings.